IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-00471-RJC
(3:08-CR-00011-RJC)

| | |
|---|---|
| ERIC DION CALDWELL ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), the Government's Response in Support, (Doc. No. 5), and related pleadings. For the reasons below, the motion will be granted and Petitioner will be returned to this district for resentencing.

I. BACKGROUND

On April 18, 2008, Petitioner pled guilty to possessing with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); and using and carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). (Criminal Case No. 3:08-cr-11, Doc. No. 2: Indictment; Doc. No. 14: Plea Agreement; Doc. No. 15: Acceptance and Entry of Guilty Plea). The Government had previously filed a notice of a prior felony drug offense under 21 U.S.C. § 851. (Id., Doc. No. 1: Information). The Court sentenced Petitioner according to the mandatory minimum of 120 months' imprisonment on Count One and 60 consecutive months' imprisonment on Count Two, entering judgment on September 4, 2008. (Id., Doc. No. 22: Judgment at 2). The defendant did not appeal his sentence, which he is presently serving.

On July 30, 2012, Petitioner filed the instant § 2255 motion claiming that his North Carolina conviction is not a predicate felony drug offense in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because it did not expose him to more than one years' imprisonment. (Doc. No. 1 at 5). With the filing of the Government's response, this matter is ripe for decision.

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for filing a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected to waive "in the interests of justice" and asks the Court to reach the merits of Petitioner's claim.[1] (Doc. No. 5: Response at 3-4).

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one

---

[1] The Government also waives enforcement of the post-conviction attack waiver in Petitioner's plea agreement. (Doc. No. 5: Response at 1, 4).

year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri-Rosendo announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id. In that decision, the Fourth Circuit also noted that substantive rules apply retroactively because of the significant risk that a defendant "faces a punishment that the law cannot impose on him." Id. at 145 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)) (internal quotation marks omitted).

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior conviction used to trigger a higher mandatory minimum under 21 U.S.C. § 841(b)(1)(B) could not have resulted in a sentence of more than one year in prison. (Doc. No. 1: Exhibit B; Doc. No. 5: Response at 6). Thus, he faced a punishment the law could not impose on him. See

3

Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Mandatory minimum sentences increase the penalty for a crime."); United States v. Mubdi, 539 F. App'x 75, 76 (4th Cir. 2013) (applying Alleyne to § 841 sentence). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the sentence on Count One in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence on Count One in Case No. 3:08-cr-11, (Doc. No. 1), is **GRANTED**, and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order.

**IT IS FURTHER ORDERED** that having granted Petitioner's motion under § 2255, counsel's Motions to Correct, (Doc. No. 10; Case No. 3:08-cr-11, Doc. No. 36), are **DISMISSED as moot**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 20, 2015

Robert J. Conrad, Jr.
United States District Judge